IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHNNY D. SHEPHERD,

        Petitioner,        Civil No. 09-1284-CL

        v.                      REPORT AND
                                  RECOMMENDATION
MARK NOOTH,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner in this proceeding for habeas corpus relief under 28 U.S.C. § 2254 challenges his April 28, 2004, convictions resulting from four armed robberies. Exhibit 101.

    Petitioner's Amended Petition alleges that he "did not receive effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution when trial counsel failed to object to the imposition of restitution amounts in both judgments when those amounts were not found

1 - REPORT AND RECOMMENDATION

beyond a reasonable doubt by the jury, as required by the principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)." Amended Petition (#47) p. 4.

Respondent contends "(r)elief on this claim should be denied, however, because it is defaulted and without merit." Response (#49) p. 1.

Petitioner concedes that his ineffective assistance of counsel claim regarding restitution was not properly exhausted. He argues, however, that the state procedural rule denying relief on his claim was not based on an independent and adequate state law ground. Brief in Support (#51) p. 9. He also argues that he has demonstrated cause and prejudice sufficient to excuse any default. The premise of his arguments for both issues is that the *Balfour* process was inadequate as applied to this case because petitioner was denied leave to file a *Balfour* brief. *Id.*

The record reflects that petitioner's motion to file a *Balfour* brief was denied because petitioner failed to specify the issues he sought to raise. Respondent's Exhibit 134. This denial was independent of petitioner's federal claim and an adequate state law basis to deny relief.

Petitioner's restitution claim was not raised in his PCR appeal because petitioner's PCR counsel did not include it in the opening brief. Respondent argues that "(c)ounsel's

2 - REPORT AND RECOMMENDATION

failure to raise a particular claim in PCR cannot constitute 'cause' however. *Martinez v. Schiro*, 623 F.3d 731, 736 (9th Cir. 2010), *cert granted,* Martinez v. Ryan, *131 S.Ct. 2960 (2011)*. Thus, petitioner's defaults should not be excused." Response (#49) p. 5-6.

Since the briefs in this case were filed, the Supreme Court handed down a decision in *Martinez v. Ryan* which holds that inadequate assistance of counsel at initial-review collateral proceedings may establish cause of a petitioner's procedural default of a claim of ineffective assistance of counsel. *Martin v. Ryan*, 2012 WL 912950, March 20, 2012.

I find that it is not necessary to resolve the cause and prejudice issue in this proceeding because assuming *arguendo* that petitioner's claim is properly before the court, it fails on the merits as a matter of law.

The PCR court reasonably denied relief on petitioner's ineffective assistance of counsel claim regarding restitution. Had counsel objected to the restitution at sentencing, his objection would have not succeeded because the principles announced in *Apprendi* and *Blakely* are not violated when the trial court makes findings necessary to determine the amount of a victim's pecuniary damages under ORS 137.106. *State v. McMillian*, 199 Or. App 398, 403 (2005) (also noting that "[t]he federal appellate courts have concluded that, as long

3 - REPORT AND RECOMMENDATION

as the amount of restitution does not exceed the full amount of the victim's injury, *Apprendi* is not violated.") Petitioner has not cited any United States Supreme Court precedent to the contrary, and in fact "acknowledges that courts have routinely rejected challenges to restitution under *Apprendi*. *See, e.g., United States v. DeGeorge*, 380 F.3d 1203, 1221 (9th Cir. 2004); *State v. McMillian*, 111 P.3d 1136, 1139 (Or. Ct. App 2005). Brief in Support (#51) p. 8. Petitioner's contention that "those cases were wrongly decided" is not persuasive. I find that they are controlling and dispositive of the only issue in this case.

Petitioner's Amended Petition (#47) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a

4 - REPORT AND RECOMMENDATION

waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### Certificate of Appealability

Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).

DATED this 24 day of April, 2012.

_____
Mark D. Clarke
United States Magistrate Judge